United States District Court
Southern District of Texas
**ENTERED**
August 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| J & G TREJO ENTERPRISES, INC. d/b/a Best Medical Supply, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-cv-00122 |
| WESTERN WORLD INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

### OPINION AND ORDER

The Court now considers "Plaintiff's Motion for Leave to Amend its Complaint,"[1] Defendant's response,[2] Plaintiff's reply,[3] Plaintiff's supplemental briefing ordered by the Court,[4] Defendant's response thereto,[5] and Plaintiff's reply thereto.[6] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance case. Plaintiff contracted for insurance with Defendant, then suffered "a fire event on or about August 21, 2021," which Plaintiff alleges caused it to suffer covered damages.[7] Plaintiff submitted an insurance claim, but Defendant has allegedly refused to pay as obliged.[8]

---

[1] Dkt. No. 7.
[2] Dkt. No. 8.
[3] Dkt. No. 9.
[4] Dkt. No. 12; *see* Minute Entry (June 22, 2022).
[5] Dkt. No. 13.
[6] Dkt. No. 14.
[7] Dkt. No. 1-1 at 5, § IV.
[8] *Id.* §§ IV–V.

Plaintiff commenced its case in Texas state court in March 2022, then Defendant removed to this Court in April.[9] The case was originally assigned to United States District Judge Ricardo Hinojosa, who recused from this case in July.[10] Before Judge Hinojosa's recusal, in May, Plaintiff filed the instant motion seeking leave to amend its complaint.[11] In June, Judge Hinojosa ordered supplemental briefing.[12] All briefing is completed and the motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a.  Jurisdiction and Venue

Plaintiff has rendered establishing this Court's jurisdiction far more difficult than necessary. The Court first held that Plaintiff limited liability company had failed to establish the citizenship of its members.[13] Plaintiff filed his first amended certificate.[14] The Court held that the same was defective and ordered a refiling.[15] Plaintiff then filed a second amended certificate. The latter reveals for the first time that J&G Enterprises, LLC is *not* Plaintiff's real name. Instead— whereas Plaintiff inaccurately asserts that "the correct name of the business entity is J&G Trejo Enterprises, LLC"[16]—Plaintiff's real name as registered with the Texas Secretary of State is "J & G Trejo Enterprises, Inc."[17]

This revelation has consequential legal effect. Because the Court was misled into treating Plaintiff as a limited liability company, the Court held that the citizenship of Plaintiff's Members

---

[9] Dkt. No. 1.
[10] Dkt. No. 16.
[11] Dkt. No. 7.
[12] *See* Minute Entry (June 22, 2022).
[13] Dkt. No. 19.
[14] Dkt. No. 20.
[15] Dkt. No. 21.
[16] Dkt. No. 22 at 2, ¶ 5.
[17] Dkt. No. 22-1.

established Plaintiff's citizenship.[18] Plaintiff's new disclosure reveals that it is actually a corporate entity, so its citizenship turns on its state of incorporation and principal place of business.[19] The record reveals that Plaintiff is incorporated in Texas,[20] with its principal place of business in Texas.[21] Plaintiff is therefore a Texas citizen. Defendant is a citizen of New Hampshire and New Jersey.[22] Plaintiff seeks damages over $250,000.[23] Accordingly, this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). Venue is proper in this Court because the insurance contract at issue was signed and to be performed in Hidalgo County, Texas.[24]

### b. Legal Standard

Plaintiff did not attach a proposed amended complaint, but "intends to amend its complaint to add the retail agency as a defendant."[25] Plaintiff clarifies that he actually seeks to add insurance agent Rick Villarreal as a codefendant.[26] Such joinder "would defeat diversity," presumably because Rick Villarreal is a Texas citizen.[27] Accordingly, special considerations beyond the ordinary Federal Rule of Civil Procedure 15(a) factors are applicable to the Court's analysis.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[28] "A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)."[29] In determining whether to

---

[18] *See* Dkt. No. 19.
[19] *See* 28 U.S.C. § 1332(c).
[20] Dkt. No. 22-1 at 2.
[21] *Id.*; *see* Dkt. No. 1-1 at 25.
[22] Dkt. No. 1 at 1, ¶ 2; Dkt. No. 1-1 at 26; Dkt. No. 6.
[23] Dkt. No. 1-1 at 3, § I.
[24] Dkt. No. 1-1 at 4, § III; 28 U.S.C. § 1391(b)(2).
[25] Dkt. No. 7 at 1, ¶ 2.
[26] Dkt. No. 14 at 1, ¶¶ 1–2.
[27] Dkt. No. 8 at 3, ¶ 4.
[28] 28 U.S.C. § 1447(e).
[29] *Short v. Ford Motor Co.*, 21 F.3d 1107, 1994 WL 171416, at *5 (5th Cir. 1994) (per curiam).

deny or permit joinder, courts in the Fifth Circuit balance four non-exclusive *Hensgens* factors.[30]
The *Hensgens* factors are: "[1] the extent to which the purpose of the amendment is to defeat
federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether
plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing
on the equities."[31]

"When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew
or should have known the identity of the non-diverse defendant when the state court complaint
was filed."[32] Under the fourth factor, "factors bearing on the equities includ[e] the interest in
judicial economy, Plaintiff's choice of a non-federal forum, and the stage of the proceedings."[33]

### c.  Analysis

#### 1.   The Extent to Which the Purpose of Amendment is to Defeat Federal Jurisdiction

Plaintiff candidly admits that it knew well in advance of litigation that Rick Villarreal was
a potential codefendant and deliberately elected not to sue him until reaching "a critical juncture"
at which Plaintiff believes it is necessary to join agent Villarreal so Plaintiff may be made
financially whole.[34] "In cases applying the *Hensgens* factors, when the plaintiff knew about the
nondiverse party's activities at the time the suit was originally brought in state court but still chose
not to include that party as an original defendant, courts have viewed any later attempt to add the
nondiverse party as a defendant as nothing more than an attempt to destroy diversity."[35] Plaintiff
counters that the "requested amendment is not an effort to destroy diversity. On the contrary,

---

[30] *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[31] *Id.*
[32] *Gallegos v. Safeco Ins. Co. of Ind.*, No. 4:09-cv-2777, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.).
[33] *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001)
[34] Dkt. No. 12-1 at 1–2, ¶ 5.
[35] *In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995); *see, e.g.*, *Irigoyen v. State Farm Lloyds*, No. 2:03-cv-00324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004) (Hudspeth, J.).

Plaintiff has expressed to Defendant its willingness to allow this Court to retain jurisdiction and to enter into an agreement reflecting same."[36] Plaintiff's assertion flies in the face of the "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[37] The first *Hensgens* factor weighs strongly against permitting Plaintiff's amendment.

### 2. *Whether Plaintiff has been Dilatory in Seeking Amendment*

Despite Plaintiff's foreknowledge, it chose not to sue Rick Villarreal in its original March 2022 complaint,[38] then sought leave to amend fifty-seven days later after removal to federal court.[39] Plaintiff also states that this case has "erod[ed] years of friendship, and the conditions are now ripe for litigation against all responsible parties,"[40] which suggests that Plaintiff deliberately delayed suit and is only now choosing to retaliate against agent Villarreal. The second *Hensgens* factor therefore weighs against permitting amendment.

### 3. *Whether Plaintiff will be Significantly Injured if Amendment is Denied*

Plaintiff argues that denying its proposed amendment will prejudice it "because Plaintiff would have to continue prosecuting the instant suit while also instituting another suit in another court for claims arising from a common nucleus of operative fact."[41] This Court has confronted an identical argument before, and held that "the interest of 'not having parallel lawsuits' is not a distinct type of injury contemplated by this [third factor] inquiry, insofar as the factors collectively work to balance that interest with [Defendant's] interest of maintaining federal jurisdiction."[42]

---

[36] Dkt. No. 9 at 1, ¶ 2.
[37] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (per curiam) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)).
[38] *See* Dkt. No. 1-1.
[39] Dkt. No. 7.
[40] Dkt. No. 9 at 2, ¶ 7.
[41] Dkt. No. 14 at 3, ¶ 12.
[42] *Cantu v. State Farm Lloyds*, No. 7:13-cv-00105, 2013 WL 12131324, at *2 (S.D. Tex. Oct. 2, 2013) (Alvarez, J.).

Plaintiff also complains that denying amendment will prevent Plaintiff from "explor[ing] the agency relationship" between agent Villarreal and Defendant Western World Insurance Company,[43] but this Court has also confronted this argument and held that "[t]his statement seems to confuse discovery with liability. There is no apparent reason why Plaintiffs would be unable to depose" the insurance agent during discovery.[44] Moreover, Plaintiff has already alleged that Defendant "and/or its agents committed the actions alleged" in Plaintiff's original complaint.[45] There is no obvious reason that Plaintiff could not recover all of its alleged damages from Defendant on a vicarious liability theory.[46] "Since Plaintiff alleges Defendant bears liability for all its agent's acts, there is no reason to think the evidence cannot enter the case. The Court concludes that [the agent's] absence from the case will not prejudice Plaintiff significantly."[47]

### 4.   Other Equitable Factors

Judicial economy, Plaintiff's original choice to file in state court, and the early stage of this case does favor Plaintiff's amendment,[48] but Plaintiff offers none of these arguments. Nevertheless, the Court weighs this factor in favor of amendment.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that the balance of the *Hensgens* factors militate against Plaintiff and against permitting amendment that would destroy federal diversity. The Court acknowledges that Plaintiff also seeks leave to amend "in order to incorporate additional and

---

[43] Dkt. No. 9 at 4, ¶ 10.
[44] *Irigoyen v. State Farm Lloyds*, No. 2:03-cv-00324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004) (Hudspeth, J.).
[45] Dkt. No. 1-1 at 5, § IV.
[46] *See, e.g.*, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15 (1991); *Am. Zurich Ins. Co. v. Guilbeaux*, No. 1:16CV354-LG-RHW, 2018 WL 1661629, at *8 (S.D. Miss. Apr. 5, 2018).
[47] *Olvera v. Primerica Life Ins. Co.*, No. 7:13-cv-00558, 2014 WL 222602, at *3 (S.D. Tex. Jan. 21, 2014) (Alvarez, J.).
[48] *See supra* note 33.

specific allegations to support its position on Defendants' various breaches,"[49] but much of the parties' briefing is intertwined with adding Rick Villarreal rather than Plaintiff's attempt to assert additional allegations against Defendant (which the Court is incapable of analyzing in the absence of a proposed amended complaint).[50] Accordingly, the Court **DENIES** Plaintiff's motion for leave to amend to the extent Plaintiff seeks to add Rick Villarreal as a codefendant and assert claims against him, and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for leave to amend to the extent Plaintiff seeks to incorporate additional allegations against Defendant Western World Insurance Company.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of August 2022.

_____
Micaela Alvarez
United States District Judge

---

[49] Dkt. No. 7 at 1, ¶ 3.
[50] *See, e.g.*, Dkt. No. 8 at 2, ¶ 3; Dkt. No. 14 at 1–2, ¶¶ 1–6.