United States District Court
Southern District of Texas
**ENTERED**
November 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| J & G TREJO ENTERPRISES, INC. d/b/a Best Medical Supply, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-cv-00122 |
| WESTERN WORLD INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## <u>ORDER AND OPINION</u>

The Court now considers Defendant's motion for summary judgment[1] and Plaintiff's response.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion for summary judgment.

### I.    BACKGROUND

This case arises from a commercial insurance dispute. Plaintiff filed suit in state court[3] alleging that Defendant failed to pay for covered damage when its MRI machine held off its premises was destroyed in a fire on August 21, 2021.[4]  Due to a sub-limit of liability for business personal property held off-premises, Defendant paid only the cap ($10,000.00) on the claim,[5] whereas Plaintiff assessed its own actual loses at around $200,000.00.[6]

---

[1] Dkt. No. 31.
[2] Dkt. No. 32.
[3] Dkt. No. 1-1.
[4] Dkt. No. 26 at 2.
[5] *Id.* at 3; Dkt. No. 31 at 1.
[6] Dkt. No. 26 at 3.

Defendant maintains that the policy's sub-limit of liability applies and that it paid its full contractual obligation as a matter of law.[7] Plaintiff claims that non-party insurance agent, Rick Villareal, represented that property held at the warehouse would be fully insured, and Plaintiff detrimentally relied on that representation.[8]

## I.   SUMMARY JUDGMENT LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[10] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[11] "A fact is 'material' if its resolution could affect the outcome of the action,"[12] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[13] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[14]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[15] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[16] Parties may cite to any part of the record, or bring evidence in

---

[7] Dkt. No. 31.

[8] Dkt. No. 32 at 2.

[9] Fed. R. Civ. P. 56(a).

[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[11] *See id.*

[12] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

[13] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[16] *See* Fed. R. Civ. P. 56(e).

the motion and response.[17] By either method, parties need not proffer evidence in a form admissible at trial,[18] but must proffer evidence substantively admissible at trial.[19]

## II.   ANALYSIS

Under Texas law, the plain language of an insurance policy is regarded as the complete agreement between the parties and knowledge of its terms is charged to Plaintiff.[20] Generally, "[a] claim for misrepresentation cannot stand when the party asserting the claim is legally charged with knowledge of the true facts."[21] According to the plain terms of these parties' policy for insurance, "[t]he most [Defendant] will pay for loss or damage under [the Propery Off-premises] Extension is $10,000."[22] Therefore, Defendant—as a matter of law—is not liable for breach "unless the insurer or agent made some specific misrepresentation about the insurance."[23]

Plaintiff responds that Rick Villarreal represented to him that he had blanket coverage, which included coverage of the MRI machine held off premises.[24] Defendant denies that Villarreal is its agent,[25] while Plaintiff attests that "Mr. Villarreal made several misrepresentations to [him] surrounding coverage, and at all times, held himself out as an agent of Western World Insurance Company."[26]

---

[17] *See* Fed. R. Civ. P. 56(c).

[18] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[19] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

[20] *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

[21] *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 798 (Tex. App.—Dallas 2011, no pet.).

[22] Dkt. No. 31-1 at 31-32.

[23] *Simon v. Tudor Ins. Co.*, No. 05-12-00443-CV, 2014 Tex. App. LEXIS 1321, at *15-16 (Tex. App.—Dallas Feb. 5, 2014, no pet.) (summarizing the holding of *Howard*, 347 S.W.3d 783).

[24] Dkt. No. 32-2.

[25] Dkt. No. 30 at 3, ¶ 6.

[26] *Id.*

But whatever Villarreal's agency relationship with Defendant, "[t]he statutory authority granted an agent under article 21.02 of the insurance code does not authorize an agent to misrepresent policy coverage and bind the insurer to his misrepresentations *unless the insurer approved the agent's conduct* by authorizing the agent's wrongful acts or subsequently ratified the wrongful acts."[27] Retail agents may be considered agents of the insurer for purposes of a lawsuit, but they "may not alter or waive a term or condition of the application or policy."[28] Plaintiff is deemed to know that Villarreal cannot waive a policy provision or give him something that the policy does not give him. Therefore, Plaintiff's detrimental reliance argument turns on *Defendant's* representations to Plaintiff, not Villarreal's.

On this point, Plaintiff asserts that "[a]t the very least, Defendant showed a lack of ordinary care such that it clothed Mr. Villarreal with indicia of authority to act as its agent."[29] But on review of the record, that alleged clothing is threadbare at best. The Court cannot find evidence that Defendant took any action that could lead Plaintiff to reasonably belief that the sub-limit of liability had been waived. Villarreal's disclosures in a state court action[30] do not attest to Defendant's misrepresentation, nor does Plaintiff's affidavit.[31] The contractual provision creating a sub-limit of liability is quite clear, and Plaintiff is charged with knowledge of it.[32] Therefore, Defendant is entitled to summary judgment as to the claim for breach of contract, and the non-contractual claims fall along with it.[33]

---

[27] *Howard*, 347 S.W.3d at 796.

[28] Tex. Ins. Code § 4001.052(a)-(b).

[29] Dkt. No. 32 at 4, ¶ 12.

[30] Dkt. No. 32-1.

[31] Dkt. No. 32-2.

[32] *Howard*, 347 S.W.3d at 798.

[33] *Moore v. Allstate Tex. Lloyd's*, 742 Fed. Appx. 815, 819 (5th Cir. 2018).

### III.      HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of November 2022.

_____
Micaela Alvarez
United States District Judge